UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LISA BROWN and LISA LEGER, ) | C/A No. 5:13-71-CMC-KDW |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| A.LANE CRIBB, *individually and in his* ) | |
| *official capacity as Sheriff of Georgetown* ) | |
| *County, South Carolina, and as an officer* ) | |
| *of the State of South Carolina*; BELVIN ) | |
| LEE SHERRILL, JR.; MICHAEL ) | |
| SWARTZ; CAMITA BROWN; ) | |
| CRYSTAL BROWN; NAKEMA ) | |
| GARRETT; SHARON MORTON; ) | |
| COLLETTE WINEGLASS; SHIRLEY ) | |
| ANDERSON; VATRALA COLLINS; and ) | |
| DOES 1-10, *individually and in their* ) | |
| *official capacities as officers of the County* ) | |
| *of Georgetown and/or the State of South* ) | |
| *Carolina*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On December 7, 2012, Plaintiffs filed an Amended Complaint in the Court of Common Pleas for Georgetown County, South Carolina, asserting various causes of action against Defendants. ECF No. 1-1. The action was removed to this court on January 4, 2013, ECF No. 1, and comes before the court on Plaintiffs' Motion to Remand filed January 18, 2013, ECF No. 9. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the case was referred to the undersigned United States Magistrate.[1] For the reasons that follow, the undersigned recommends the district court *grant* the motion to remand.

---

[1] The Fourth Circuit has not directly addressed the question of whether a motion to remand is a nondispositive pretrial matter within the scope of a magistrate judge's authority under 28 U.S.C.

I.      Procedural Background

Plaintiffs originally filed this matter in the Court of Common Pleas for Georgetown County against Defendants A. Lane Cribb and Belvin Lee Sherrill, Jr. ("Sherrill") on May 18, 2011. Pls.' Mot. 1, ECF No. 9.  Defendant Sherrill responded with an Answer and Counterclaim served on July 7, 2011. ECF No. 1-2 at 48-59.[2] Pursuant to a Stipulation of Dismissal, Defendant Sherrill was dismissed from the state court action.[3] Plaintiffs moved to amend their Complaint on November 15, 2012. ECF No. 1-2 at 25-26. Plaintiffs filed their First Amended Complaint on December 7, 2012, naming in addition to Defendant Cribb and the previously dismissed Defendant Sherrill, the following Defendants: Michael Schwartz, Camita Brown, Crystal Brown, Nakema Garrett, Sharon Morton, Collette Wineglass, Shirley Anderson, Vatrala Collins, and Does 1 through 10. The First Amended Complaint alleges causes of action for Assault and Battery, Violation of the 8th and 14th Amendments to the United States Constitution under 42

---

§ 636(b)(1)(A). *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). However, the circuit courts that have considered the issue have concluded that magistrate judges lack authority to issue orders, rather than recommendations, on motions to remand. *See, e.g., Williams v. Beemiller, Inc*., 527 F.3d 259 (2d Cir. 2008) (following the Tenth, Sixth, and Third Circuits in so concluding). In addition, at least one published opinion in this district has addressed this issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc*., 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortg. Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH, 2007 WL 2220403, *3 (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering motion to remand). Accordingly, out of an abundance of caution, the undersigned enters this Report and Recommendation for the consideration of the district judge.
[2] The state-court record is attached to the Notice of Removal, ECF No. 1, and is available at ECF Nos. 1-1 and 1-2.
[3] The state-court record contains two stipulations of dismissal.  The first, dated May 21, 2012, barred "forever" any claims or counterclaims against Sherrill.  ECF No. 1-2 at 47. The second stipulation dismissed Sherrill without prejudice from the state court action on May 29, 2012. ECF No. 1-1 at 40.

U.S.C. § 1983, and Intentional or Grossly Negligent Infliction of Emotional Distress. ECF No. 1-1 at 3-17. The Summons and First Amended Complaint were served on Defendants Cribb, Schwartz, Morton, Wineglass, Anderson, and Does 1 through 10 on December 7, 2012; Defendant Camita Brown on December 8, 2012; Defendant Collins on December 12, 2012; Defendant Garrett on December 16, 2012; and Defendant Sherrill on December 17, 2012. ECF No. 1 at 1-2.[4] Defendant Crystal Brown had not yet been served as of the date of removal, and counsel questioned whether such person existed. *Id.* at 2.

In their Notice of Removal, Defendants assert the "United States District Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343, in that the Complaint alleges causes of action under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the deprivation of constitutional rights secured by the Constitution and laws of the United States of America." ECF No. 1 at 2. Defendants state removal is appropriate because "one or more of the claims arise under the Constitution and laws of the United States of America." *Id.*[5] Counsel noted that it represented all Defendants except Sherrill, who was proceeding pro se, and stated that all Defendants[6] consented to the removal. *Id.*

II.    Discussion

Plaintiffs assert that remand is required because all Defendants have not properly consented to removal. Plaintiffs argue that Defendant Sherrill did not consent to removal in a

---

[4] Although the Notice of Removal indicates "Does *2* through 10" were served on December 7, 2012, ECF No. 1 at 1-2, defense counsel indicates they represent all Defendants other than Sherrill, including "Does *1* through 10," *id.* at 2. This apparent typographical error does not impact the court's consideration of Plaintiffs' Motion.

[5] The Removal Notice improperly cites 28 U.S.C. § 1441(b), which is removal based on diversity jurisdiction, instead of § 1441(a), removal based on the court's original jurisdiction.

[6] All Defendants except Sherrill are represented by the same legal counsel and will be referred to hereinafter as "Removing Defendants." Defendant Sherrill is proceeding pro se, and will be referred to as "Defendant Sherrill."

3

timely manner as he did not file a notice of removal or consent to removal with the court within 30 days of service. Plaintiffs further question defense counsel's authority to represent former Georgetown County employees Collins, Brown and Garrett, noting these employees filed pro se Answers to the Amended Complaint. Pls.' Mot. 2.

In their January 23, 2013 Memorandum in Support of Removal, which they filed in opposition to Plaintiffs' Motion, Removing Defendants assert that this case was properly removed to federal court because counsel was retained to represent "the Georgetown County Sheriff and all of his employees, current and former, except Belvin Sherrill," and because pro se Defendant Sherrill had consented to removal. ECF No. 11 at 1-2. As an exhibit to their Memorandum, Removing Defendants attach a copy of an email from Defendant Sherrill to defense counsel, in which Defendant Sherrill acknowledges his consent to removal to federal court. ECF No. 11-1. The email indicating Sherrill's consent to removal was not filed with the Notice of Removal. Because counsel was retained to represent all current and former employees, the undersigned finds that counsel was authorized to represent the Removing Defendants when it filed the Notice of Removal. However, although Defendant Sherrill consented to the removal, he failed to timely file a notice with the court. Accordingly, remand is warranted.

In cases involving multiple defendants, the "rule of unanimity" requires that all defendants in a multi-defendant case must join in the petition for removal. *Bergmann v. Fed. Nat'l Mortg. Ass'n*, No. 9:11-CV-00411, 2011 WL 2729229, at *2 (D.S.C. July 12, 2011). Circuit courts have varying standards regarding the form of a codefendant's joinder in a removal. The Sixth and Ninth Circuits require "only that 'at least one attorney of record' sign the notice and certify that the remaining defendants consent to removal." *Village of Elliott v. Wilson*, No. 11-2107, 2011 WL 4404049, at *2 (C.D. Ill. Aug. 16, 2011) *adopted by* 2011 WL 4404046 (C.D.

4

Ill. Sept. 21, 2011) (citing *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009)). "In contrast, the Fifth, Seventh, and Eighth Circuits have adopted the more demanding requirement that each codefendant must submit a timely, written notice of consent to joinder." *Id.* "While the Fourth Circuit has not spoken on this issue, the district courts in this circuit follow the rule that each defendant must independently and unambiguously file a consent." *Givens v. Main St. Fin. Servs. Corp.*, No. 5:10-CV-27, 2010 WL 4386725, at *2 n.2 (N.D.W. Va. Oct. 28, 2010) (collecting cases). "If all defendants do not join in the petition for removal within the designated period—either by signing the same notice, filing an independent notice or consent, or otherwise unambiguously notifying the court that they consent to removal—the removal may be deemed defective." *Funchess v. Blitz U.S.A., Inc.*, No. 5:10-1634-MBS, 2010 WL 4780357, at *4 (D.S.C. Nov. 16, 2010). *See also On Removal Jurisdiction's Unanimous Consent Requirement*, 53 Wm. & Mary L. Rev. 235 (2011).

Removing Defendants urge the court to overlook Defendant Sherrill's failure to file notice with the court because he is a pro se defendant without the benefit of competent counsel. Defs.' Mem. 2, ECF No. 19. Based on the requirement of unanimous, timely joinder by all served defendants, however, exception for pro se Defendant Sherrill is not appropriate. Counsel for Removing Defendants could have provided the court with Defendant Sherrill's written consent, or Defendant Sherrill himself could have filed his written consent. Had this taken place within 30 days after Defendant Sherrill was served, *see* 28 U.S.C. § 1446(b)(2)(B), unanimous, timely consent would have been given. Because Defendant Sherrill failed timely to voice his consent to removal with the court, the rule of unanimity is violated and the Notice of Removal is defective. *See Sanner v. W. Va. Infusion Therapies, Inc.*, No. 1:95-CV-79, 1995 WL 928922, at *2 (N.D.W. Va. Oct. 11, 1995) (granting remand for failure to satisfy the rule of unanimity when

pro se defendant failed to personally sign the joint notice for removal and failed to file any subsequent written verification with the court).

III.  Conclusion

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion to Remand, ECF No. 9, be *granted*. If the district judge concurs, Removing Defendants' Motion to Dismiss, ECF No. 5, will be moot.

IT IS SO RECOMMENDED.

February 26, 2013                                              Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**