IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Lisa Brown and Lisa Legner, | ) | C/A NO. 5:13-0071-CMC-KDW |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| A. Lane Cribb, individually, and in his official capacity as Sheriff of Georgetown County, South Carolina, and as an officer of the State of South Carolina; Belvin Lee Sherrill, Jr.; Michael Swartz; Camita Brown; Crystal Brown; Nakema Garrett; Sharon Morton; Collette Wineglass; Shirley Anderson; Vatrala Collins; and Does 1-10, individually and in their official capacities as officers of the County of Georgetown and/or the State of South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' amended complaint which raises, *inter alia*, claims pursuant to 42 U.S.C. § 1983. This matter was removed to this court by Defendants pursuant to 28 U.S.C. § 1441(b).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On February 26, 2013, the Magistrate Judge issued a Report conditionally recommending that Plaintiffs' motion be granted and this matter remanded to the Georgetown County Court of Common Pleas. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if

1

they failed to do so. Defendants Cribb, Schwartz, Crystal Brown, Garrett, Camita Brown, Morton, Wineglass, Anderson, Collins, and the Doe Defendants ("Objecting Defendants") filed objections to the Report on March 15, 2013.[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to Objecting Defendants' objections to the Report, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Objecting Defendants' response, the court agrees with the Magistrate Judge's assessment of this matter. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Objecting Defendants argue that the court should exercise discretion in finding that while the removal may be defective, it may be cured by an amendment to the removal petition. However, despite his *pro se* status, Defendant Sherrill was evidently aware of his need to provide consent to the removal, evidenced by his email to Objecting Defendants' counsel. And, despite ample notice of the deficiency of the removal via service of Plaintiffs' motion to remand, Objecting Defendants'

---

[1] Defendant Belvin Lee Sherrill, Jr. has not made an appearance in this court, either *pro se* or via counsel.

response thereto, Plaintiffs' reply, and service of the Report itself, Defendant Sherrill has made no appearance in this court and has not filed anything with this court noting his assent to the removal.

Accordingly, Plaintiffs' motion to remand is **granted** and this matter is remanded to the Georgetown County Court of Common Pleas. In light of this remand, Objecting Defendants' motion to dismiss is **moot** in this court.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 21, 2013